UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

MICHELOB MALDONADO, and
all others similarly situated under
*29 U.S.C. 216(b)*,

    Plaintiff(s),

v.

COMPETITIVE EDGE GROUP, INC., d/b/a
COMPETITIVE EDGE LANDSCAPING,
a Florida Profit Corporation, and
FRED R. BOOTHBY, individually,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

    Plaintiff, MICHELOB MALDONADO ("Plaintiff") pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, COMPETITIVE EDGE GROUP, INC., d/b/a COMPETITIVE EDGE LANDSCAPING ("COMPETITIVE EDGE"), and FRED R. BOOTHBY ("BOOTHBY"), individually (collectively referred to hereinafter as "Defendants"), on behalf of himself, and all others similarly situated, and alleges:

**INTRODUCTION**

1. Defendants have unlawfully deprived Plaintiff, and all other employees similarly situated, of minimum wage and overtime compensation during the course of their employment. This action, arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff, and those similarly situated to Plaintiff, during the course of their employment.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Seminole County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, COMPETITIVE EDGE, was a Florida for-profit corporation located and transacting business within Longwood, Florida, within the jurisdiction of this Honorable Court.  COMPETITIVE EDGE is headquartered and operates its principal location at 117 Trafalgar Pl., Longwood, FL 32779.

4. Defendant, COMPETITIVE EDGE, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant, BOOTHBY, was a resident of the Middle District of Florida, and was President, Treasurer, Secretary, and Director of the Defendant company within Longwood, Florida.

6. During all times material hereto, Defendant, BOOTHBY, was over the age of 18 years, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, COMPETITIVE EDGE, during the relevant time period.

7. Defendant, BOOTHBY, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations.

## JURISDICTION AND VENUE

8.  All acts and omissions giving rise to this dispute took place within Longwood, Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendant, COMPETITIVE EDGE, is headquartered and regularly transacts business in Seminole County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

11. Defendant, COMPETITIVE EDGE, provides landscaping services in the State of Florida, and has done so since at least 2014.

12. Defendant, COMPETITIVE EDGE employs individuals such as Plaintiff to perform landscaping services to clients throughout Florida.

## FLSA COVERAGE

13. Defendant, COMPETITIVE EDGE, is covered under the FLSA through enterprise coverage, as COMPETITIVE EDGE was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, COMPETITIVE EDGE'S business and Plaintiff's work for COMPETITIVE EDGE affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.  Accordingly, Defendant, COMPETITIVE EDGE, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

14. During his employment with Defendant, COMPETITIVE EDGE, Plaintiff, and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to: lawn mowers, gardening tools, lawn fertilizers, garbage bags, sprinklers, weed control treatments, mulch, pavers, soils, landscaping rocks, edgers, wall blocks, fire pit kits, stepping stones, landscape fabrics, garden fence panels, spades, shovels, planting tools, rakes, pitchforks, garden hoes, cultivators and weeders, pruning knives, shears, scrapers, credit card processors, cellular telephones, fax machines, etc.

15. Defendant, COMPETITIVE EDGE, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, COMPETITIVE EDGE'S business an enterprise covered by the FLSA.

16. Upon information and belief, Defendant, COMPETITIVE EDGE, grossed or did business in excess of $500,000.00 during the years of 2016, 2017, and 2018, and is expected to gross in excess of $500,000.00 in 2019.

17. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, COMPETITIVE EDGE, and BOOTHBY, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

18. In June 2014, Plaintiff began working for Defendants, COMPETITIVE EDGE and BOOTHBY, and continued to do so until about August 2017.

19. Plaintiff worked an average of seventy (70) hours per week.

20. From June 2014 to December 2014, Defendants paid Plaintiff $120.00 per day, or $600.00 per week.

21. From January 2015 to December 2015, Defendants paid Plaintiff $125.00 per day, or $625.00 per week.

22. From January 2016 to December 2016, Defendants paid Plaintiff $130.00 per day, or $650.00 per week.

23. From January 2017 to August 2017, Defendants paid Plaintiff $135.00 per day, or $675.00 per week.

24. During all periods of Plaintiff's employment with Defendants, Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40) during the relevant time period.

25. Defendants were expressly aware of the overtime work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving the proper overtime rate for any hours worked during the relevant period of his employment.

26. Further, during the last four (4) weeks of Plaintiff's employment, Defendants refused to pay Plaintiff the proper minimum wage rate of $7.25 per hour for all hours worked at or below forty (40) hours per week during the relevant time period.

27. Defendants have refused to pay Plaintiff proper compensation for hours he worked, or the overtime compensation required at the federally mandated rate of time-and-one-half for work exceeding forty (40) hours per week.

28. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff has been required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – *29 U.S.C. § 206***
**(Against All Defendants)**

29. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 28 as though set forth fully herein.

30. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

31. During the time period relevant to this lawsuit, Plaintiff worked an average of seventy (70) hours per week, for which he was not properly compensated.

32. However, during the last four (4) weeks of Plaintiff's employment, Defendants refused to pay him the proper minimum wage rate of $7.25 per hour for all hours worked at or below forty (40) hours per week.

33. Plaintiff is entitled to recover the federal minimum wage in the amount of at least $7.25 per hour for all hours worked at or below forty (40) per week.

34. Accordingly, Plaintiff claims the minimum wage in the amount of at least $7.25 per hour for all hours worked at or below forty (40) per week for the last four (4) weeks of his employment with Defendants.

35. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as requirement by the FLSA as Defendants knew of the minimum wage requirements of the FLSA and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

36. Accordingly, the statute of limitations for this action is three (3) years as opposed to two (2) years.

37. Plaintiff has been required to retain the undersigned law firm to prosecute these claims on his behalf and is therefore entitled to recovery attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, MICHELOB MALDONADO, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, COMPETITIVE EDGE SERVICES INC., d/b/a COMPETITIVE EDGE LANDSCAPING, and FRED R. BOOTHBY, and award Plaintiff: (a) double unpaid minimum wages as provided by the FLSA to be paid by the Defendants, COMPETITIVE EDGE SERVICES INC., d/b/a COMPETITIVE EDGE LANDSCAPING, and FRED R. BOOTHBY jointly and severally; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

**COUNT II – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*** 
**(Against All Defendants)**

38. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 28 as though set forth fully herein.

39. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

40. During the time period relevant to this lawsuit, Plaintiff worked an average of seventy (70) hours per week, for which he was not properly compensated.

41. Plaintiff is entitled to recover statutorily proscribed federal overtime wages at a rate of half-time per hour, for all hours worked in excess of forty (40) per week.

42. Plaintiff therefore claims the half-time rate for each hour worked in excess of forty (40) per week.

43. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA.

44. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

45. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, MICHELOB MALDONADO, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, COMPETITIVE EDGE GROUP INC., d/b/a COMPETITIVE EDGE LANDSCAPING, and FRED R. BOOTHBY, and award Plaintiff: (a) double unpaid overtime wages as provided by the FLSA to be paid by the Defendants, COMPETITIVE EDGE GROUP INC., d/b/a COMPETITIVE EDGE LANDSCAPING, and FRED R. BOOTHBY, jointly and severally; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.


## DEMAND FOR JURY TRIAL

Plaintiff, MICHELOB MALDONADO, requests and demands a trial by jury on all appropriate claims.

**Dated this 1st day of March, 2019.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Michelob Maldonado*

By:  */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*Stephanie@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 1, 2019.

By:  */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: