DocuSign Envelope ID: 4B018C96-5716-4D65-93DC-F374160870C8

# FLSA SETTLEMENT AGREEMENT

This Settlement Agreement covers all understandings between Michelob Maldonado (hereinafter referred to as "Plaintiff") and Competitive Edge Group, Inc. ("Competitive Edge Group") and Fred R. Boothby ("Boothby") (hereinafter collectively referred to as "Defendants") (collectively referred to as "Parties") which relate to the subject matter of the lawsuit *Michelob Maldonado v. Competitive Edge Group, Inc.* (Case No. 6:19-cv-398-Orl-22GJK), pending in the United States District Court for the Middle District of Florida under the Fair Labor Standards Act ("FLSA").

WHEREAS, this Agreement is made as the result of a bona fide dispute between the Parties regarding the validity of the Lawsuit and the purported claims that underlie the Lawsuit;

WHEREAS, the Parties desire to amicably resolve the Lawsuit together with any and all Claims that Maldonado may have against Defendants whether or not asserted in the Lawsuit; and

WHEREAS, Maldonado and Defendants have entered into good faith discussions resulting in this Agreement, and the Parties believe that this Agreement is in their mutual interest.

NOW THEREFORE, in consideration of the foregoing and other promises and mutual covenants contained herein, and other good and valuable consideration, it is agreed as follows:
WHEREAS, the Parties desire to amicably resolve the Lawsuit together

1. Defendants shall pay the total sums set forth below to Maldonado in full and final settlement and release of the FLSA wage claims asserted or which could have been asserted in the Lawsuit. Payment shall be delivered to Maldonado's Counsel's firm, USA Employment Lawyers – Jordan Richards PLLC, EIN number: 82-0594887, located at 805 E. Broward Blvd. Suite 301, Fort Lauderdale, Florida 33301. These settlement payments, which were negotiated separately from attorneys' fees and costs to avoid any compromise to Maldonado, shall be allocated as follows:

   A. Plaintiff shall receive the total amount of TWELVE THOUSAND DOLLARS and 00/100 CENTS ($12,000.00), of which SIX THOUSAND Dollars and 00/100 Cents ($6,000.00) represents alleged unpaid wages, and SIX THOUSAND DOLLARS and 00/100 CENTS (6,000.00) represents alleged liquidated damages; These payments shall be made by Defendants to Maldonado within thirty (30) calendar days after case dismissal, whether by Order of the Court after Stipulation of Dismissal, approval of this Agreement by the Court (if required), or other related judgment of the Court; and

   B. Plaintiff's Counsel shall receive the total amount of TEN THOUSAND DOLLARS and 00/100 CENTS ($10,000.00), of which NINE THOUSAND

1

ACTIVE 44934147v1

DocuSign Envelope ID: 4B018C96-5716-4D65-93DC-F374160870C8

THREE HUNDRED SIX DOLLARS and 60/100 CENTS ($9,306.60) represents attorneys' fees and SIX HUNDRED NINETY-THREE DOLLARS and 40/100 CENTS ($693.40) represents attorneys' costs in this litigation. This payment shall be made by Defendants to Plaintiff's counsel on or before December 31, 2019, or within thirty (30) calendar days after case dismissal, whether by Order of the Court after Stipulation of Dismissal, approval of this Agreement by the Court (if required), or other related judgment of the Court, whichever is later.

C. The sums referenced above must be paid by separate checks and all checks shall be deemed received by Maldonado when delivered to Maldonado's Counsel, USA Employment Lawyers – Jordan Richards, PLLC. Any tax consequences associated with such payments shall be the sole and exclusive responsibility and obligation of Maldonado, except that Defendants shall be responsible for employer taxes where applicable. Maldonado hereby agrees to indemnify, defend and hold Defendants harmless of and from any tax liability in any way arising from or related to this Agreement or any payments made under this Agreement, which indemnity shall include any attorneys' fees or costs incurred in connection with defense of any tax liability asserted. Upon approval by the Court and subsequent payment of the settlement payment(s) referenced above, the Lawsuit will be dismissed with prejudice.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties agree that, upon the final execution of this Settlement Agreement by all parties, the Parties shall jointly move the Court through Plaintiff filing a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice and jointly ask the Court to approve the terms of this Settlement Agreement, dismiss the Litigation with prejudice, to retain jurisdiction for 150 days to enforce the terms of this Settlement Agreement, and for each side to bear its own fees and costs except as set forth herein, no later than November 29, 2019.

2. **Payment Default**. Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Katie Molloy at molloyk@gtlaw.com and West Holden at holdenw@gtlaw.com.

In the event that Defendants, jointly and severally, fail to cure any breach of any term, provisions, or obligation of this Settlement Agreement within five business (5) days of receiving the written notification via e-mail, shall entitle the Plaintiff to seek enforcement of such term, provision, or obligation, and shall entitle the Plaintiff to an award of the reasonable attorney's fees and costs.

The Parties agree that if a breach/default occurs, the prevailing party counsel shall be entitled to attorney's fees and costs incurred related to the same and for collection.

2

DocuSign Envelope ID: 4B018C96-5716-4D65-93DC-F374160870C8

3. **Release of Claims.** With the exception of the obligations arising under this Agreement, Maldonado, irrevocably and unconditionally releases, remises, acquits, satisfies, and forever discharges Defendants (all references to Defendants in this paragraph (including sub-parts), and to the extent any of the following could be held liable for Maldonado's claims for wages as alleged in the Lawsuit, shall include Defendants, all officers, members, shareholders of Competitive Edge Group, Inc. to include without limitation any employer as defined by 29 U.S.C. § 203 and applicable case law) of and from any and all claims, demands, liabilities, debts, judgments, damages, causes of action, obligations, expenses, administrative actions, or suits of any kind, including without limitation for attorneys' fees and any costs, for unpaid wages as alleged in the Lawsuit pursuant to the Claims which include the FLSA, actions under 29 U.S.C. § 216 of the FLSA, record keeping requirements pursuant to the FLSA, notice posting requirements pursuant to the FLSA, liquidated damages or attorneys' fees pursuant to the FLSA. Maldonado further covenants and agrees not to sue Defendants for any of the Claims released herein and agrees that if he does so, she shall be in material breach of this agreement.

4. **Non-Admission Clause.** By entering into this Settlement Agreement, Defendants do not admit and continue to deny any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability.

5. **Mutual Representation by the Parties.** The Parties represent that, as of the date that this Settlement Agreement is executed, they are not aware of any additional claims that they may have against any of the Released Parties and hereby the Parties certify that they have not filed any claim (except the Litigation released herein), and do not intend to file any claims, demands, liabilities, and causes of action against any of the Released Parties for actions that occurred prior to the date of this Settlement Agreement, related to their employment, and/or involving Plaintiff's employment, other than claims to enforce this Settlement Agreement.

6. **Binding Nature of Agreement:** This Settlement Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

7. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Middle District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Settlement Agreement shall be enforceable in the appropriate court in the Middle District of Florida, Orlando Division.

8. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and

ACTIVE 44934147v1

DocuSign Envelope ID: 4B018C96-5716-4D65-93DC-F374160870C8

provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

9. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

10. **Enforcement.** In the event any action is commenced to enforce said settlement agreement or for a proven breach of this Agreement, the prevailing party shall be entitled to reasonable fees and costs.

11. **Voluntariness.** The Parties certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that each Party has been advised by the other to consult with an attorney before signing the Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence. The Parties each acknowledge that he/it are entering into this Agreement freely and voluntarily and with complete understanding of all the rights he/it is waiving in this Agreement and of the irrevocable nature of same. Plaintiff and Defendants acknowledge that they have consulted with counsel of their own choosing before executing this Settlement Agreement.

12. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

13. **Effective Date.** This Agreement shall become effective upon the date when the last signatory has executed this Agreement.

14. **Construction.** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

15. **Headings.** The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

16. No cancellation, modification, amendment, deletion, addition, or other changes in their Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and Defendant.

ACTIVE 44934147v1

DocuSign Envelope ID: 4B018C96-5716-4D65-93DC-F374160870C8

By: _____   Date: 11/8/2019
     Michelob Maldonado

By: _____   Date: 11-15-19
     Competitive Edge Group, Inc.:

By: _____   Date: 11-15-19
     Fred R. Boothby:

5

ACTIVE 44934147v1