UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: 6:19-cv-398-RBD-GJK

MICHELOB MALDONADO, and
all others similarly situated under
*29 U.S.C. 216(b),*

    Plaintiff(s),

    v.

COMPETITIVE EDGE GROUP, INC., d/b/a
COMPETITIVE EDGE LANDSCAPING,
a Florida Profit Corporation, and
FRED R. BOOTHBY, individually,

    Defendants.

_____/

**RENEWED JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT
AGREEMENT AND FOR ORDER OF DISMISSAL WITH PREJUDICE**

COMES NOW, Plaintiff, MICHELOB MALDONADO ("Plaintiff") and Defendants, COMPETITIVE EDGE GROUP, INC., d/b/a COMPETITIVE EDGE LANDSCAPING, ("COMPETITIVE EDGE") and FRED R. BOOTHBY ("BOOTHBY"), (collectively, "Defendants") (Plaintiff and Defendants are hereinafter referred to as "the Parties"), by and through undersigned counsel, to file their Renewed Joint Motion for Court Approval of Settlement Agreement and For Order of Dismissal with Prejudice, as follows:

**I.     FACTUAL BACKGROUND**

Plaintiff filed his Complaint against Defendants on March 1, 2019. *D.E. 1*. Plaintiff's Complaint alleges two (2) counts against Defendants for claims arising under the Fair Labor Standards Act ("FLSA"). *Id.* Count one (1) is a claim for relief for federal minimum wage violations under 29 U.S.C. § 206. Count two (2) alleges a claim for federal overtime wage

violations pursuant to 29 U.S.C. § 207. *See id.* In order to avoid the further expense and uncertainty of litigation, the Parties negotiated a settlement agreement ("the Agreement") and reached an agreement on all material terms. Plaintiff acknowledges that if he is paid the consideration that Defendants have agreed to pay in exchange for Plaintiff's execution of the Agreement, he will have been paid for all hours worked during his employment with Defendants. Defendants seek to resolve the claim without any admission that Plaintiff was not properly compensated while employed with Defendants. Under the Agreement, Plaintiff will be receiving nearly all of the unliquidated damages that he claimed in his Answers to the Court's Interrogatories.[1] *D.E. 25-1*. Further, Plaintiff's attorneys' fees and costs in resolving his claims were negotiated independently and separately from the settlement of Plaintiff's wage claims. The settlement thus provides Plaintiff with full and fair compensation for his FLSA claims.[2] Accordingly, the Parties respectfully request that this Honorable Court approve their Agreement, and grant their Motion for Court Approval of Settlement Agreement and For Order of Dismissal with Prejudice. A copy of the settlement agreement with attached addendum is attached as *Exhibit A*.

II.     **MEMORANDUM OF LAW**

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so

---

[1] In Plaintiff's Answer to the Court's Interrogatories, Plaintiff alleged entitlement to $11,282.14 in unliquidated damages for FLSA overtime violations, and $1,160.00 in unliquidated damages for Federal Minimum Wage violations, for a total of $12,442.14 in unliquidated damages. Defendants agreed to pay Plaintiff $12,000.00 to resolve all claims.

[2] Plaintiff is receiving approximately 96.4 percent of his alleged unliquidated damages

little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which back wages claims arising under the FLSA can be settled or compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment "after scrutinizing the settlement for fairness." *See, e.g.,* Powell v. Carey Int'l, Inc., 483 F.Supp.2d 1168, 1177 n. 9 (S.D. Fla. 2007) *quoting* Lynn's Food Stores, Inc., 679 F.2d at 1353-55 (Court should determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute"); Dalton v. Physicians Stat Lab, Inc., 2019 WL 1093438 at *2 (M.D. Fla. Feb. 6, 2019) (Conway J.) (adopting report and recommendation to approve FLSA settlement agreement when Plaintiff recovered half of damages claimed in Answer to Court's Interrogatories and finding fees were fair and reasonable when they were negotiated without regard to amount Plaintiff agreed to accept in the settlement); Parsel v. Orgullo Latino LLC, 2019 WL 2365976 at *1 (M.D. Fla. June 4, 2019) (Dalton, J.) (adopting Magistrate Judge Hoffman's report and recommendation to approve FLSA Settlement Agreement when Plaintiff did not receive all damages he was seeking and finding that attorneys' fees were fair and reasonable when they were negotiated separate from consideration Plaintiff was receiving); Dell Valle v. Digital Risk, LLC, 2014 WL 5038617, at *1 (M.D. Fla. Sept. 29, 2014) (Presnell, J.) (adopting Magistrate Judge Kelly's Report and Recommendation for approval of FLSA Joint Settlement Agreement where attorneys received $10,000 out of a total

settlement of $20,000); Jenkins v. Associated P'ship, Ltd., Inc., 2010 WL 375936 (M.D. Fla. Jan 25, 2010) (Presnell J.) (adopting report and recommendation for approval of settlement agreement and for dismissal with prejudice in an FLSA matter where Plaintiff's attorney received $20,000 in fees and costs, and Plaintiff received $10,000 for unpaid wages and liquidated damages).  If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage or computation of back wages, the district court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation.  See Lynn's Food Stores, Inc., 679 F.2d at 1353.

Here, the Parties respectfully submit that the terms set forth within the settlement agreement entered into between the parties was a "fair and reasonable resolution" of Plaintiff's FLSA claims.  This case involves contested issues of liability and the amount of overtime damages, if any. If Plaintiff had proceeded to trial, a jury could have determined that he was not entitled to the recovery he sought, in which case he would recover nothing. Instead, the Parties have negotiated a payment through counsel that is satisfactory to the Parties and their counsel.  Without admitting any liability as to the alleged overtime violations, Defendants have agreed to pay Plaintiff a total sum of twelve thousand dollars ($12,000.00).  This constitutes approximately 96.4 percent of Plaintiff's calculation of his unliquidated damages for his overtime and minimum wage claims.[3] The undersigned counsel, who are experienced in wage and hour matters, view the reached-upon settlement as a fair outcome for the Parties. Defendants and Counsel for Plaintiff separately negotiated attorneys' fees and costs without compromising Plaintiff's claim.[4]  Indeed,

---

[3] In Plaintiff's Answers to the Court's Interrogatories, he claimed $12,442.14 in unliquidated damages for his overtime and minimum wage claims. *D.E. 25-1.*

[4] According to Plaintiff's counsel's internal calculations, which counsel for Defendant has neither examined or approved, counsel for Plaintiff incurred fourteen thousand seven hundred and forty-one ($14,741.00) dollars prosecuting Plaintiff's claims.  In order to expedite Plaintiff's settlement, counsel for Plaintiff separately negotiated to accept ten thousand ($10,000.00) dollars in attorney's fees and costs, of which nine thousand three hundred and six

counsel for Plaintiff agreed to accept far less than the fee amount reflected in Plaintiff's counsel's lodestar in order to obtain a swift recovery for Plaintiff. Therefore, the settlement terms represent a fair and equitable resolution of this matter in light of the contested issues in this case.

### III.    CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of the FLSA dispute between the parties, and request that this Honorable Court approve the Settlement Agreement attached hereto, enter a dismissal with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for up to sixty (60) days.

### LOCAL RULE 3.01(g) CERTIFICATE

**I HEREBY CERTIFY** that Counsel for Plaintiff conferred with Counsel for Defendants regarding the relief requested in this Motion, all of whom jointly seek such relief.

**Dated this 27th day of November, 2019.**

---

dollars and 60/100 cents ($9,306.60.) represents attorneys' fees , and six hundred ninety-three dollars and 40/100 cents ($693.40) represents attorneys' costs in this litigation.

Respectfully Submitted,

| | |
|---|---|
| **GREENBERG TRAURIG, P.A.** | **USA EMPLOYMENT LAWYERS** |
| *Counsel for Defendants* | **JORDAN RICHARDS, PLLC** |
| 101 E. Kennedy Blvd., Suite 1900 | *Counsel for Plaintiff* |
| Tampa, Florida 33602 | 805 E. Broward Blvd. Suite 301 |
| Telephone: (813) 318-5710 | Fort Lauderdale, Florida 33301 |
| | Telephone: (954) 871-0050 |
| | |
| By:/s/ *Catherine H. Molloy, Esq.* | By:/s/ *Melissa Scott, Esq.* |
| **CATHERINE H. MOLLOY, ESQUIRE** | **MELISSA SCOTT, ESQUIRE** |
| Fla. Bar No. 116745 | Fla. Bar No. 1010123 |
| **WEST A. HOLDEN, ESQUIRE** | **JORDAN RICHARDS, ESQUIRE** |
| Fla. Bar No. 113569 | Fla. Bar No. 108372 |
| molloyk@gtlaw.com | jordan@jordanrichardspllc.com |
| holdenw@gtlaw.com | melissa@jordanrichardspllc.com |
| | stephanie@jordanrichardspllc.com |
| | jake@jordanrichardspllc.com |
| | mike@usaemploymentlawyers.com |

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the foregoing motion was filed via CM/ECF on this 27th day of November, 2019.

                                                              By:/s/ *Melissa Scott, Esq.*
                                                              MELISSA SCOTT, ESQUIRE
                                                              Fla. Bar No. 1010123

**SERVICE LIST**:

**CATHERINE H. MOLLOY, ESQUIRE**
Florida Bar No. 33500
**WEST A. HOLDEN, ESQUIRE**
Florida Bar No. 0113569
GREENBERG TRAURIG, P.A.
101 E. Kennedy Blvd. Suite 1900
Tampa, Florida 33602
Ph: (813) 318-5700
Fax: (813) 318-5900
molloyk@gtlaw.com
holdenw@gtlaw.com
*Counsel for Defendants*