# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHELOB MALDONADO,**

      **Plaintiff,**

v.                                                             Case No:   6:19-cv-398-Orl-22GJK

**COMPETITIVE EDGE GROUP, INC.**
**and FRED R. BOOTHBY,**

      **Defendants.**

_____

## AMENDED REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND FOR ORDER OF DISMISSAL WITH PREJUDICE (Doc. No. 35)** |
| **FILED:** | **November 27, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

### I.  BACKGROUND.

On March 1, 2019, Plaintiff filed a complaint against Defendants alleging violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq*. (the "FLSA"). Doc. No. 1. On May 6, 2019, Defendants filed an answer and affirmative defenses. Doc. No. 15. On November 27, 2019, the parties filed a Renewed Joint Motion for Court Approval of Settlement and for Order of Dismissal With Prejudice (the "Motion"). Doc. No. 35.

**II.     LAW.**

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . .  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")).[2] In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

*Id*. at 351-52. For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id*. When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternative means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement*

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> *does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id*. The undersigned finds this reasoning persuasive.

### III.  ANALYSIS.

#### A.  Settlement of Plaintiff's FLSA Claims.

Plaintiff claims $11,282.14 in unliquidated damages for unpaid overtime, $1,160.00 in unliquidated damages for failing to pay the minimum wage, for a total of $12,442.14. Doc. No. 35 at 2 n.1. In the FLSA Settlement Agreement (the "Agreement"), Plaintiff will receive $6,000 as payment for unpaid wages and $6,000 as payment for liquidated damages. Doc. No. 35-1 at 1. Since Plaintiff is receiving less than the amount he claimed, Plaintiff has compromised his claim under the FLSA. *See Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*.").

This case involves a bona fide dispute regarding Plaintiff's FLSA overtime and minimum wage claims. Doc. Nos. 1, 15. The parties decided to settle their dispute to avoid the risk of litigation. Doc. No. 35 at 2. Considering the foregoing, and the strong presumption favoring settlement, the settlement amount is fair and reasonable.[5]

---

[5] In Plaintiff's answers to the Court's interrogatories, Plaintiff also includes claims for liquidated damages in the

### B. Attorney's Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive $10,000 in attorney's fees and costs. Doc. No. 35-1 at 1-2. The parties represent that attorney's fees and costs were negotiated separately from Plaintiff's recovery. *Id.* at 1. Such a representation adequately establishes that the issue of attorney's fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the Agreement's attorney's fee provision is fair and reasonable.

### C. Modification Provision.

The Agreement states, "No cancellation, modification, amendment, deletion, addition, or other changes in their Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and Defendant." Doc. No. 35-1 at 4. This provision appears to attempt to negate the necessity of Court approval of the Agreement, as it provides for the parties to modify the Agreement without any limitation regarding when the Agreement can be modified. Thus, it is unenforceable. *See Madison v. United Site Servs. of Fla., Inc.*, No. 6:16-CV-1991-ORL-41DCI, 2018 WL 2197757, at *1 (M.D. Fla. May 14, 2018) ("Pursuant to *Lynn's Food Stores, Inc.*, 679 F.2d at 1355, any future modifications to the Settlement Agreements are unenforceable absent judicial approval.").

Even though the modification provision is unenforceable, approval of the Agreement in this case is not precluded. The Agreement contains a severability clause, providing: "In the event

---

amount of $12,442.14. Doc. No. 25-1 at 2. In discussing whether Plaintiff's claim was compromised, the Motion makes no mention of the claims for liquidated damages, Doc. No. 35, and thus it appears that Plaintiff waives those claims. The Court notes that the Agreement specifically designates $6,000 of the settlement proceeds as alleged liquidated damages, however. Doc. No. 35-1 at 1.

that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law." Doc. No. 35-1 at 3. Pursuant to the severability clause, the Court may strike the modification provision from the Agreement without impacting the enforceability of the remainder of the Agreement. *See Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-CV-615-ORL, 2014 WL 6389756, at *5-6 (M.D. Fla. Nov. 14, 2014) (striking confidentiality clause pursuant to severability clause).

### D. Retention of Jurisdiction

In the Motion, the parties request that the Court "retain jurisdiction over enforcement of the Settlement Agreement for up to sixty (60) days." Doc. No. 35 at 5. The parties essentially are requesting the Court retain jurisdiction over the case in the event a dispute arises concerning remittance of the payments. Courts in this District, however, routinely deny requests to retain jurisdiction to oversee and enforce payment plans set forth in a FLSA settlement agreement. *E.g.*, *Correa v. Goldblatt*, Case No. 6:10-cv-1656-Orl-28DAB, 2011 WL 4596224 (M.D. Fla. Sept. 9, 2011); *Smither v. Dolphin Pools of SW Fla., Inc.*, Case No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494 (M.D. Fla. June 9, 2011). In this case, there does not appear to be any specific basis for the Court to retain jurisdiction. Therefore, it is recommended that the Court decline the parties' request that the Court retain jurisdiction.

### IV. CONCLUSION.

Based on the foregoing, it is **RECOMMENDED** that the Court enter an order **GRANTING in part and DENYING in part** the Motion (Doc. No. 35) as follows:

1. That the Court **STRIKE** the modification provision found in paragraph sixteen from the Agreement;

2. That the Motion (Doc. No. 35) be **GRANTED** to the extent that the Court finds the Agreement (Doc. No. 35-1), with the modification set forth above, to be a fair and reasonable compromise of Plaintiff's FLSA claims;

3. That the case be **DISMISSED with prejudice**; and

4. That the Motion be otherwise **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **To expedite the final disposition of this matter, if the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida, on December 4, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties